

ORDERED in the Southern District of Florida on February 23, 2024.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

___

**UNITED STATED BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

In re:

HAWK LOGISTICS, LLC,[1]                    **Case No. 23-18059-LMI**

    Debtor-in-Possession.                    Chapter 11

_____/

**ORDER CONFIRMING THE DEBTOR'S
SUBCHAPTER V PLAN FOR REORGANIZATION**

This matter came before the Court on February 21, 2024 at 10:30 a.m., to consider confirmation of the *Plan of Reorganization* [ECF No. 114] (the "Plan") filed by debtor-in-possession, Hawk Logistics, LLC (the "Debtor"). In connection with the confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including: (i) the confirmation affidavit of Osmel Guzman [ECF No. 178], (ii) the certificate of proponent of plan [ECF No. 180], (iii) the testimony of Mr. Guzman proffered by the debtor, and (iv) the

---

[1] The Debtor's principal place of business is 7601 E Treasure Dr., Suite PH118, North Bay Village, FL 33141. The last four digits of the Debtor's tax identification number are 1848.

1

modifications announced on the record. Having considered that all classes of creditors that were required to vote on the Plan have accepted the Plan, and no objections to confirmation of the Plan have been filed or remain unresolved, after notice and a hearing, the Court finds and concludes as follows:

## FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[2] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue before the Court is proper under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation [ECF No. 119] were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. **Objections to Confirmation**. XTRA Lease LLC ("XTRA") timely filed its Objection to Confirmation of Debtor's Plan of Reorganization [ECF No. 151] (the "XTRA Objection"). No other parties timely objected to confirmation of the Plan or any such objections were resolved amicably.

---

[2] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

E. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

G. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article VII of the Plan provides adequate means for the Plan's implementation.

J. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

K. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. Article VI of the Plan, pursuant to 11 U.S.C. § 365, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

L.  **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

M.  **Cure of Defaults – 11 U.S.C. § 1123(d).**  As required by section 365(b)(l) of the Bankruptcy Code, any monetary amounts by which any executory contract or unexpired lease that may be assumed under the Plan is in default shall be satisfied by payment or provision for payment of the required cure amount, if any.  Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

N.  **Modifications of the Plan – 11 U.S.C. § 1127**.  Any modifications made to the Plan since the solicitation thereof do not constitute changes that materially and adversely change the treatment of any Claims or Interests.  Accordingly, these modifications comply in all respects with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, and none of the modifications requires additional disclosure or resolicitation of votes on the Plan.  Under Bankruptcy Rule 3019(a), all Creditors that previously accepted the Plan are deemed to have accepted the Plan as modified.

O.  **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**.  The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

P.  **Subchapter V Plan Requirements – 11 U.S.C. § 1189**.  The Plan complies with 11 U.S.C. § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

Q.  **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**.  In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation

analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization.

R.     **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**.  The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under 11 U.S.C. § 1191(a).  With respect to the relevant provisions of 11 U.S.C. § 1129(a), the Court finds and concludes as follows:

1.     **11 U.S.C. § 1129(a)(1) and (a)(2)**.  The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

2.     **11 U.S.C. § 1129(a)(3)**.  The Plan was proposed in good faith and not by any means forbidden by law.

3.     **11 U.S.C. § 1129(a)(4)**.  Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4.     **11 U.S.C. § 1129(a)(5)**.  The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5.     **No Rate Changes – 11 U.S.C. § 1129(a)(6)**.  The Plan does not provide for any rate changes over which a governmental regulatory commission has

jurisdiction. Accordingly, section 1129(a)(6) of the Bankruptcy Code is not applicable in the Chapter 11 Case.

6. **11 U.S.C. § 1129(a)(7)**.  The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date

7. **11 U.S.C. § 1129(a)(8)**.  With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the plan.

8. **11 U.S.C. § 1129(a)(9)**.  Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the treatment of Claims under the Plan of the type specified in section 507(a)(1) through 507(a)(8) of the Bankruptcy Code, if any, complies with the provisions of sections 1129(a)(9) and 1191(e) of the Bankruptcy Code.

9. **11 U.S.C. § 1129(a)(10)**.  If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider.

10. **11 U.S.C. § 1129(a)(11)**.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

11. **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

Accordingly, is hereby **ORDERED, ADJUDGED, DECREED**, and **DETERMINED** that:

1. **Confirmation**. The Plan is confirmed under 11 U.S.C. § 1191(a).

2. **Objections**. The XTRA Objection has been resolved on the terms set forth in this Confirmation Order or as otherwise stated on the record at the Plan confirmation hearing. All other Objections, responses to, and statements and comments, if any, in opposition to or inconsistent with the Plan, other than those withdrawn with prejudice in their entirety prior to, or on the record at, the Plan confirmation hearing, shall be, and hereby are, OVERRULED and DENIED in their entirety. All withdrawn objections are deemed withdrawn with prejudice.

3. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the debtor and any creditor and equity security holders, whether or not the claim or interest of such creditor or equity security holder is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Plan.

4. **Re-vesting of Property**. Under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in 11 U.S.C. §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors; provided, however, that XTRA shall

retain and be entitled to enforce all rights of setoff and/or recoupment with respect to unapplied funds or credits now or hereafter held by XTRA, including those unapplied funds identified in Proof of Claim 22 filed by XTRA.

5. **Administrative Claims and Administrative Claims Bar Date**. To be eligible to receive distributions under the Plan on account of an Administrative Claim that is not otherwise Allowed by the Plan, a request for payment of an Administrative Claim incurred during the Chapter 11 Case must have been filed on or before March 21, 2024 (the "Administrative Claims Bar Date"); provided, however, that if any H&P or XTRA trailer subject to a lease agreement that is rejected pursuant to the Plan is not returned prior to the Effective Date, then the Administrative Claims Bar Date shall be extended to the date that is thirty (30) days after the date that all such trailers are returned. Any Administrative Claim that is not timely asserted by the Administrative Claims Bar Date shall be deemed disallowed under the Plan and shall be forever barred against the Debtor, the Estate, or any of its Assets or property, and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset, recoup, or recover such Claim.

6. **Assumed and Rejected Contracts and Leases**.

   a. On the Effective Date, all executory contracts and unexpired leases not assumed pursuant to Section 6.01 of the Plan (which includes all executory contracts and unexpired leases listed as "Reject" on Schedule 1 [ECF No. 177] of the Plan) or previously assumed and/or assigned, not subject to a pending motion to assume and/or assign or reject as of the Effective Date, or not rejected before the Effective Date, shall be deemed rejected pursuant to the Plan.

8

b. All damages arising from the rejection under the Plan of an executory contract or unexpired lease must be filed with the Bankruptcy Court by no later than thirty (30) days after the earlier of the Effective Date or the date provided in any other applicable Order of the Bankruptcy Court; provided, however, that a proof of claim arising from the rejection under the Plan of any lease agreement with XTRA or H&P must be filed with the Bankruptcy Court by no later than (a) 30 days after the Effective Date, and (b) if the trailer that is the subject of such lease agreement is not returned prior to the Effective Date, thirty (30) days after the date that such trailer is returned or determined to be a casualty loss. Any proofs of Claim with respect to a claim for rejection damages not filed within such time shall be forever barred from assertion against the Debtor, the Estate, and their Assets and property and such entities holding such Claims will not receive and be barred from receiving any Distributions on account of such untimely claims asserting rejection damages, absent further order of the Bankruptcy Court. All rejection damages Claims will be treated as Unsecured Claims under the Plan and, to the extent they are deemed Allowed Unsecured Claims, will receive the treatment afforded Allowed Unsecured Claims against the Debtor.

c. Debtor and H&P Leasing, Inc. ("H&P") agree that the equipment subject of H&P's rejected leases shall be returned by no later than May 1, 2024 to one of the following locations: (i) 1849 Flowood Drive, Flowood, MS 39232; (ii) 11505 Highway 178, Olive Branch, MS 38654; and (iii) 917 Tennessee Blvd, Lebanon, TN 37087. Debtor shall pay the prorated monthly rental for each trailer from the date of rejection through the date of surrender and shall maintain

insurance on the equipment. If not already made, Debtor shall pay the February 2024 contract payment to H&P in an amount equal to $11,120.

7. **Claims Objections**. Following the Effective Date, the Debtor shall be vested with any and all rights and defenses the Debtor had with respect to any Claim or Interest immediately prior to the Effective Date. The Debtor shall file and serve any objection to any Claim no later than the date that is sixty (60) days after the Effective Date (the "Claims Objection Deadline"); *provided, however*, the Claims Objection Deadline may be extended by the Bankruptcy Court from time to time upon motion and notice by the Debtor for cause.

8. **Modifications**.

    a. Section 4.01 of the Plan is modified as follows:

        i. Class 4. The terms of the CCG Loan Documents are incorporated herein by reference, except as modified by the CCG Agreed Order [ECF No. 91], and the amount of the CCG Secured Claim will be determined in accordance with the CCG Agreed order. Section 9.03 of the Plan shall not apply to CCG.
        ii. Class 7. The terms of Pathward's Agreed Order [ECF No. 171] shall control Class 7's treatment under the Plan.
        iii. Class 8. The terms of Sumitomo's Agreed Order [ECF No. 172] shall control Class 8's treatment under the Plan.
        iv. Class 9. The terms of TAB's Agreed Order [ECF No. 170] shall control Class 9's treatment under the Plan.

    b. The first sentence in Section 9.03 of the Plan is modified by inserting a new clause "or payment of any cure amount set forth on Schedule 1" immediately after the clause "any payment required by ¶¶ 4.01 or 4.02 above".

    c. Schedule 1 [ECF No. 177] to the Plan is modified to make the following changes:
        i. In the "Counterparty" column, the name "Xtra Lease" is changed to "XTRA Lease LLC."
        ii. In the row for the agreements with XTRA Lease LLC that are marked "Assume", the information contained in the "Executory Contract/Unexpired Lease" column shall be modified to read as follows: "Schedules A-2 and A-3 to Equipment Lease Agreement No. 053L228 (together with the XTRA Lease Standard Terms and Conditions) with respect to the following trailers: H00689, H00691, H00692, H00694, H00695, H00696, H00697, H00698, H00699, H00700, H00701, H00702,

                H00703, H00704, H00705, H00706, H00707, H00708, W38659, W39291, W82736, W82768, W83473, W84235, W84436, W85516, W85937, W86858, W87017, W88578, W88840, W89555, and W89652."

    iii. In the row for the agreements with XTRA Lease LLC that are marked "Assume", the "Proposed Cure" is changed from "$27,657" to "$39,629.68 (as of February 19, 2024)." At the hearing on confirmation of the Plan, the Debtor proffered that it made a $13,535.73 payment to XTRA on or about February 19, 2024, and any payments received by XTRA after February 19, 2024 that are applied to charges included in the "Proposed Cure" will be applied to the cure amount owing to XTRA.

    iv. In the row for the agreements with XTRA Lease LLC that are marked "Reject", the information contained in the "Executory Contract/Unexpired Lease" column shall be modified to read as follows: "Schedules A-2 and A-3 to Equipment Lease Agreement No. 053L228 (together with the XTRA Lease Standard Terms and Conditions) with respect to the following trailers: H00693, W20471, W21413, W22007, W22424, W27699, W29438, W31553, W32855, W33339, W33368, and W23076"

    v. The "Proposed Cure" for the agreements assumed by the Debtor with Contract Leasing Corp. is changed from "$44,373" to "$46,873."[3]

9. **Post-Confirmation Operation of Business**.  Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code.  The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court.  Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

10. **Injunction and Discharge**.  Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d); and (ii]) all holders of any discharged

---

[3] Contract Leasing Corp. claims one of the trailers which is the subject of the *Net Trailer Lease Agreement* dated June 20, 2019 (the "Lease") with the Debtor is missing.  Nothing contained in this order or Section 365(b) shall be deemed a waiver or deemed an implied cure of any of Contract Leasing Corp.'s rights and remedies under the Lease or applicable law with respect to any missing trailer.

claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).  To the extent the Plan discharge provisions set forth in section VIII of the Plan are inconsistent with this Confirmation Order or the Bankruptcy Code, this Order and the Bankruptcy Code, including 11 U.S.C. § 1141(d), control.

11. **Disbursing Agent**.  The Debtor is named as Disbursing Agent and must make all payments to holders of allowed claims as required by the Plan.

12. **United States Trustee Guidelines**.  The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

13. **Effect of Confirmation Order on Plan**.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.  To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

14. **Service of Confirmation Order**.  Eric J. Silver, Esq. is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

15. **Documents Required to Effectuate Plan**.  The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

16. **Modification After Confirmation**. Under 11 U.S.C. § 1193(b), the Debtor may modify the Plan at any time after confirmation of the Plan and before substantial consummation

of the Plan, but may not modify the Plan so that the Plan as modified fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123, with the exception of 11 U.S.C. § 1123(a)(8). The Plan, as modified, becomes the Plan only if circumstances warrant the modification and the Court, after notice and a hearing, confirms the Plan as modified under 11 U.S.C. § 1191(a). Under 11 U.S.C. § 1193(d), any holder of a claim or interest that has accepted or rejected the Plan is deemed to have accepted or rejected, as the case may be, the Plan as modified, unless, within the time fixed by the Court, such holder changes the previous acceptance or rejection of the holder.

17. **Discharge of the Subchapter V Trustee**. Under 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a). Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States trustee, and all parties in interest notice of such substantial consummation. The Debtor must file the Local Form "Final Report and Motion for Entry of Final Decree" on the later of: (a) substantial consummation of the Plan, or (b) entry of a final order resolving all disputed claims.

18. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

    a.    Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

    b.    Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

    c.    Adjudicate objections to claims;

    d.    Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

    e.    Adjudicate modifications of the plan under 11 U.S.C. § 1193;

    f. Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

    g. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

# # #

**Submitted by:**
Eric J. Silver, Esq.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-2688
esilver@stearnsweaver.com

*(Attorney Silver must serve a copy of the signed order on all parties served with the motion and must file with the court a certificate of service conforming with Local Rule 2002-1(F))*

14

#12499241 v1